a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUSLAN SULEIMANOV #A249-116-981,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00832<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ruslan Suleimanov ("Suleimanov"). At the time of filing, Suleimanov was an immigration detainee at River Correctional Center in Ferriday, Louisiana. He alleges that there is no likelihood of his removal in the reasonably foreseeable future, and he seeks his release from custody.

Because Suleimanov has been deported, the Petition should be DISMISSED WITHOUT PREJUDICE.

I.    Background

Suleimanov is a native and citizen of Russia, who applied for admission into the United States at San Ysidro Port of Entry on September 9, 2023. ECF No. 13-1 at 1. An immigration judge found Suleimanov to be removable to Russia. *Id.*

Suleimanov requested voluntary departure to Turkey, which was granted. *Id.* The Government also granted multiple requests to extend the deadline for voluntary

1

departure. *Id.* Because Suleimanov failed to depart to Turkey within the allotted time, the Government removed him to Russia on September 30, 2025. *Id.* at 2.

## II. Law and Analysis

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Suleimanov has been deported, the § 2241 claim for release is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244,

246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

III. Conclusion

Because Suleimanov is no longer in custody, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, November 20, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE